Argued 23 January;  decided 5 March;  rehearing denied 26 March, 1900.

### BURKHART *v*. HART.

[ 60 Pac. 205.]

1. DEPENDENT AND INDEPENDENT CONTRACTS.—Defendant, desirous of having a street opened along his premises, gave his note to plaintiff for his share of the expense of dedicating sufficient land for the purpose, who agreed within a reasonable time to procure the opening of the street at his own expense. *Held*, that the agreements of the parties were not independent contracts, rendering evidence of nonperformance inadmissible in an action on the note.—*Hawley* v. *Bingham*, 6 Or. 76, cited.

2. PAROL EVIDENCE SHOWING CONTRACT.—The existence of a written acknowledgment of a previous parol contract does not affect the right to show by parol evidence what were the terms of such contract.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Action by T. T. Burkhart, an assignee after maturity of a promissory note, to recover from R. C. Hart the amount thereof. Judgment for defendant and plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs: P. P. Dabney, E. B. Seabrook,* and *W. A. Munly.*

For respondent there was a brief and an oral argument by *Mr. Lydell Baker.*

MR. JUSTICE BEAN delivered the opinion of the court.

This action was commenced October 3, 1896, to recover on a promissory note for $100, executed by the defendant, and made payable to the order of the Title Guarantee & Trust Company, one year after date, and assigned to the plaintiff after maturity. The complaint is in the usual form. The answer alleges that at the time the note was made the defendant was the owner of a lot in the City of Portland, fronting on what would be Yamhill Street if extended, and that the trust company was the owner of property immediately in front thereof, within the boundaries of such street; that the defendant and other parties were desirous of procuring such extension, and it was estimated and agreed by and between the trust company and the defendant that the proportion of the expense of the dedication of sufficient land therefor, properly chargeable to the defendant, was the sum of $100, and that, if the defendant would execute the promissory note mentioned in the complaint, the trust company would, within a reasonable time thereafter, and before the maturity of such note, cause or procure, at its own cost and charge, and without cost to the defendant, the extension of Yamhill Street from East Twentieth to East Twenty-Fifth Street, and, if such dedication and extension were not so

made, there should be no liability on the note, and defendant should not be required to pay the same ; that in consideration of the performance of such undertaking and agreement on the part of the trust company, and no other or different consideration, the defendant made, executed, and delivered the promissory note mentioned; that the company has failed, neglected, and refused to procure the dedication and extension of the street as agreed or at all, and by reason thereof the consideration of the note has wholly failed. The reply denies the allegations of the answer, and sets up what plaintiff claims to have been the real contract between the parties. A judgment was rendered in favor of the defendant, and the plaintiff appeals, claiming that the court erred in overruling his objection to the admission of evidence tending to show nonperformance by the trust company of the contract alleged in the answer, to parol evidence of such contract, and in denying a motion to amend the reply so as to make it conform to the proofs.

1.   The principal contention of the plaintiff is that the respective agreements of defendant and the trust company are independent covenants, and therefore the failure of the trust company to perform its contract is no defense to an action upon defendant's note. In support of this contention he invokes the well-known rule that "if a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money, or for not doing such other act before performance, for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent ; and so it is where no time is fixed for performance of that which is the consideration of the money or other act :" Note to *Pordage* v.

*Cole*, 1 Saund. 319.   This, however, is but one of the
general rules adopted by the courts for determining the
character of the respective agreements of parties to a
contract, and, like all general rules, is not applicable to
all cases.   Indeed, there is no arbitrary test by which the
question can be determined.   The old decisions turned
upon a technical construction of the language used, but
the modern doctrine is that a contract should be construed
according to the meaning and intention of the parties.
It is unnecessary for us to make special reference to the
several rules upon the subject or the various decisions of
the courts.   It is sufficient to say that "in the absence of
very clear indications to the contrary, promises, each of
which forms the whole consideration for the other, will
not be held to be independent of one another, and a fail-
ure of one party to perform on his part will excuse the
other from liability to perform :"   Clark, Cont. 656.   Ap-
plying this principle to the case in hand, it is quite clear the
court committed no error in holding that the nonperform-
ance of its contract by the trust company within a rea-
sonable time was a defense to an action upon the note.
The whole consideration for the note was, as alleged, the
performance by the company of its agreement, and if it
failed to do so the consideration necessarily failed.   In
*Hawley* v. *Bingham*, 6 Or. 76, the consideration for the
note was a mere agreement and promise of the payee ;
and so, also, in *Pratt* v. *Gulick*, 13 Barb. 297.   In *Walker*
v. *Clay*, 21 Ala. 797, the note by its terms matured before
the contract of the payee could be performed, and he was
not in default at the time the action was brought.   In
*McRaven* v. *Crisler*, 53 Miss. 542, 546, the note was due
one day after date, and there was no allegation or proof
that a delivery of the deed of the land for which it was
the consideration was to be made at or before the pay-
ment of the note.   It is often extremely difficult to de-

termine whether the covenants of the respective parties
to a contract are dependent or independent, and there
is much conflict in the authorities upon the question ;
but, as already said, each case depends upon its own facts
and the justice and good sense of the matter. And cer-
tainly the payee of a promissory note, given in considera-
tion that he should perform a promise on his part, ought
not to be permitted to recover on the note when he has
failed to keep his promise.

2.   It is also claimed that the court erred in admitting
parol evidence of the contract between the defendant and
the trust company, for the reason that such contract is
in writing. The original agreement was in parol, but
some six or eight months later the defendant, being about
to sell and dispose of his property, obtained for the pur-
chaser a writing from the trust company, which recited
that it had received from him "a promissory note for one
hundred dollars, in consideration of the widening of East
Yamhill Street, adjacent to Lot one, Block one, Central
Park, dedication to be executed in a reasonable time."
It is contended that this writing embodies the contract
between the parties ; but, as we understand the record,
it is nothing more than an acknowledgment by the trust
company of an existing contract. In this view of the
case the other assignments of error become immaterial,
and the judgment is affirmed.                    AFFIRMED.