GRATH, Respondent, v. MOUND CITY ROOFING TILE COMPANY, Appellant.

St. Louis Court of Appeals, December 11, 1906.

1. CONTRACTS: Modification: Consideration. Where the secretary of a corporation had an agreement with the corporation that he should receive a certain compensation for his services, a subsequent agreement, that the salary should be paid only when payment could be made from the operating expenses, was unsupported by a consideration and did not prevent the secretary from recovering from the company his salary, regardless of the company's financial condition.

2. EVIDENCE: Corporations: Minutes of Proceedings of Directors: Oral Testimony. Where an agreement between the secretary of a corporation and the company relating to the compensation of the secretary for his services was not completely set out in the minutes of the proceedings of the directors, oral testimony which did not conflict with the minutes was admissible to show the terms of the agreement, in an action by the secretary for compensation.

3. ———: **Cumulative Evidence: Harmless Error.** The exclusion of competent cumulative evidence is not harmless error where such evidence was directed to an issue which controlled the verdict of the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED.

*David Goldsmith* for appellant.

The exclusion of the evidence as to what transpired at the meetings of the board of directors of the defendant was erroneous. Goodwin v. U. S. Annuity, etc., Co., 24 Conn. 601; Novelty Mfg. Co. v. MacAlister, 40 Mich. 84; Gilson, etc., Co. v. Gilson, 51 Cal. 341; Tibbats v. Mt. Olympus, etc., Co., 10 Wash. 329; Cameron v. Bank, 34 S. W. 179; Soudek v. Tennessee, etc., Co., 1 Baxt. (60 Tenn.) 290; Railroad v. Tiernan, 37 Kan. 606. And the ruling of this court in Rawhide Company v. Hill, 72 Mo. App. 142, and of the Supreme Court of Indiana in Price v. Railroad, 13 Ind. 60, and in Hamilton v. Railroad, 13 Ind. 347, also support our contention on this subject.

*Hickman P. Rodgers* for respondent.

(1) The resolution of the board of directors providing for plaintiff' salary, having been acted upon by both parties — plaintiff doing the work and defendant accepting the benefits of it — is conclusive. Greenleaf on Evidence (16 Ed.), sec. 207, p. 340; Layson v. Cooper, 174 Mo. 220. (2) The exclusion of cumulative testimony is not reversible error. Crapson v. Wallace Bros., 81 Mo. App. 680. (3) Where it clearly appears that errors complained of could not have misled or influenced the jury, or changed the result, the judgment will not be reversed. Doyle v. Trust Co., 140 Mo. 1; Barkley v. Cemetery Assn., 153 Mo. 300.

GOODE, J.—Plaintiff seeks to recover salary alleged to be due him from the defendant corporation for the months from July 1, 1903, to July 1, 1904. The compensation asked is for services rendered in keeping books, attending to correspondence and managing the business of the company. That plaintiff devoted his time steadily to the company's affairs was established by testimony which showed he was in attendance at the company's office looking after its affairs every day during business hours throughout the period covered by the suit. Plaintiff was one of the promoters of the corporation and had agreed, in consideration of the issuance to him of five thousand dollars of the capital stock as fully paid, to give his services gratis to the company until it could afford to pay for them. He held in all $12,500 worth of stock out of $62,600 issued shares, and was interested in the prosperity of the enterprise. The company was formed in December, 1902, and plaintiff attended to its affairs without compensation until July, 1903. The minutes of the meeting of the directors show that on the 20th of that month the following resolution was adopted: "Mr. Hunkins made a motion that the secretary's pay and salary is to begin on July 1, 1903, this motion was carried." Grath was the person designated as secretary. He testified that no amount of salary was fixed; but that it was agreed at the meeting when the resolution was adopted, the salary should be fixed by an agreement between him and the president of the company, who was absent from the meeting. Plaintiff swore that on the following September, 1903, he and Ruckert, the president, agreed his salary should be one hundred and twenty-five dollars a month, and run from July, 1903, in accordance with the resolution. Thereafter plaintiff entered his salary each month as a debit against the company and by June, 1904, the charges in his favor amounted to $1,375. No money was paid him meanwhile. On June 16, 1904, the follow-

ing resolution was adopted by the board as the minutes show: "Owing to poor health the secretary asked to be relieved from active duty, the secretary agreeing to help instruct and break in new men, it was also agreed that the present secretary's salary be discontinued after June 1, 1904, and that no salary would be asked for services in the month of June. It was agreed and understood that the amount of $1,375 for salary standing to the credit of the secretary would be paid as fast as same could be paid from operating expenses." The two resolutions we have quoted were both written on the minute-book by plaintiff, but the first one was attested by the signature of the vice-president, as well as plaintiff's own signature; the second being attested only by the signature of plaintiff as secretary. Oral testimony was received from some of the directors to show Grath agreed on July 20, 1903, when the resolution allowing him a salary was passed, to take credit for the salary on the books of the company until it "was on a paying basis." Grath swore no such agreement was made. This oral testimony was first objected to, plaintiff's counsel insisting the minutes of the board meeting were conclusive; but the objection was withdrawn and two of the directors permitted to testify. When another director was interrogated on the same subject, counsel renewed the objection and the court made this ruling; "The minutes themselves are in evidence and under the pleadings as they stand, I don't think they can be contradicted, as I said this morning, added to or amended." Other testimony as to the agreement with plaintiff about his salary was excluded on objection of his counsel. In testifying in regard to the resolution of June 16, 1904, plaintiff said: "The agreement was that I was to get my money; that the company was to pay it as fast as they could pay it to me, whenever they could spare any money they were to pay it to me." It should be remembered this testimony was given regarding what the agreement

intended by the resolution of 1904 was; the date when plaintiff left the service of the company. It ought to be remembered, too, that some oral testimony was excluded, both as to this agreement and also as to the full terms of the original agreement referred to in the resolution of July 20, 1903. If, in fact, the original agreement regarding plaintiff's salary contained, as he swore, no other terms than are shown by the minutes of July 20th, which stated the salary was to begin on July 1st of said year, a subsequent agreement in June, 1904, providing for payment of salary only when payment could be made from the operating expenses of the company, would be unsupported by a consideration; and being an attempted alteration of the first contract, under which, as shown by the minutes, the salary however payable, was certainly not dependent on the company's financial condition, could not deprive plaintiff of a right to recover according to the original terms. [Montgomery Co. v. Auchley, 92 Mo. 126, 4 S. W. 425; Macfarland v. Heim, 127 Mo. 327, 29 S. W. 1030.] But if any subsequent arrangement which may have been made, deviated from the original one in no material particular, it would need no new consideration. [Wollman v. Loewen, 96 Mo. App. 299, 70 S. W. 253.] Hence the agreement of which the resolution of June 16, 1904, was evidence, was valid if it was substantially in accord with the previous understanding. A question arises regarding the right to show by oral testimony terms of the agreement between the parties not embodied in the minutes of the company. Defendant was a private corporation and the statutes prescribed nothing about what the minutes of its meetings should show, or how fully they should be kept. The record of the resolution of July 20, 1903, did not purport to be a complete expression of the agreement regarding plaintiff's compensation; for it merely recited the adoption of a motion that his salary should begin on July 1, 1903; stating neither how much

the salary should be or when it should be paid. Plaintiff's own testimony shows the minutes omitted part of the agreement, to-wit; how the amount should be fixed, there being an understanding that he and the president should agree on the amount. In view of these facts, all we need decide on this subject at present is, that the oral evidence was competent; as it did not contradict but merely filled out the incomplete memorandum of the contract shown by the minutes. [Davis v. Scovern, 130 Mo. 303, 32 S. W. 986; St. Louis Rawhide Co. v. Hill, 72 Mo. App. 142; Kalamazoo, etc., Co. v. Malley, 40 Mich. 84; Sears v. Elevated Railway, 152 Mass. 151; Tibbats v. Mt. Olympia Co., 10 Wash. 329.] Evidence was admitted tending to show the first arrangement made July 20, 1903, was for the payment of a salary to plaintiff as soon as the company "was on a paying basis." The evidence on this point was contradictory; plaintiff asserting there was no such oral qualification of the contract shown by the minutes, and if he swore truly, the salary was payable at reasonable intervals; probably monthly. We hold the court erred in excluding some of the testimony offered by defendant to show what the agreement was. It is no answer to this assignment of error to say the excluded evidence would have been cumulative. It related to the main issue, the decision of which by the jury turned on the weight of the evidence introduced by the respective parties. [Nelson v. Wallace, 57 Mo. App. 397.] Courts sometimes treat the exclusion of competent but cumulative evidence as harmless error, but not always, and we think it should not be so treated in this case. The issue to which the testimony was directed controlled the verdict. In connection with the resolution of June 16, 1904, plaintiff swore it was understood he was to get his money as fast as the company could spare it. As said, this agreement was only valid provided it was pursuant to, and not in displacement of, the original agreement. On a full view

of the evidence the case presented three possible contracts: First, an original agreement supported by plaintiff's testimony and providing for payment of his salary from July 1, 1903, without reference to the ability of the company to pay. If this was found to be the arrangement then made, plaintiff was entitled to judgment. Second, an original agreement for his salary to begin July 1, 1903; but not be paid until the company was on a paying basis; as witnesses for defendant swore. If the jury found such was the first arrangement, they could not give a verdict for plaintiff unless he adduced evidence to satisfy them the company was earning a profit. Third, an agreement as evidenced by the resolution of June 16, 1904, and found to have been made pursuant to an original understanding and, therefore, to rest on a consideration, that plaintiff's salary should be payable as fast as it could be taken out of the operating expenses; an expression we agree with the trial court in taking to mean, as fast as the salary could be spared from the operating expenses of the company. Plaintiff's own testimony shows he so understood it. Whatever the agreement may have been in regard to deferring the payment of his salary, and whether it was to be deferred until the company "was on a paying basis," or until it could be spared from operating expenses without crippling the company, the directors had no absolute option as to when they should pay. They were bound to deal with plaintiff in good faith and could not exercise an arbitrary discretion against him. Whenever the contingency on which his claim to salary accrued, the company was obliged to pay.

In view of our ruling in regard to excluded testimony, and because the case can be retried in accordance with our opinion, it is unnecessary to consider the instructions.

The judgment is reversed and the cause remanded. All concur.