WILLIAM R. WEED et al., Respondents, *v.* JAMES SPEARS, Appellant.

CONTRACT — CONSIDERATION. A new promise by a party to do less than he has already agreed to do is not a sufficient consideration for the promise of another party to do more than he is obliged to do. A written agreement may be modified by an oral agreement, but where the liability of a party has been incurred and become fixed under a valid agreement he is not released from such liability by a purported modification which is without consideration of any kind.

*Weed* v. *Spears*, 120 App. Div. 904, reversed.

(Argued October 19, 1908; decided November 10, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 17, 1907, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought to recover the sum of $5,133.97, being the balance with interest and costs paid by the respondents on a certain note of the High Falls Sulphite Pulp and Mining Company which had been indorsed by the parties to this action, and recovery was had by virtue of a promise made by the appellant to pay said balance. It is now claimed that such promise was without consideration.

Prior to September, 1894, the parties to this action and one Usher and one Everett were stockholders in and directors of said Sulphite Pulp and Mining Company. The company was unable to borrow money for its business needs without the indorsement or other guaranty of said directors, who already at said date had become liable for a considerable indebtedness. On said date said directors entered into an agreement, one with the others, whereby it was mutually covenanted and agreed in substance that each of said persons was liable and " duly obligated to pay the existing notes and obligations   *   *   * upon which their names or the names of any two of them appear," and also should become liable and obligated " to pay the notes and obligations of said corporation to be executed

19

by two or more of said persons, and to be hereafter made for the use and benefit " of said corporation in the proportion which the amount of stock held by him bore to that held by the others.

Said parties owned and held stock as follows : Usher 347 shares; Everett 97 shares; William R. Weed 127 shares; Frederic A. Weed 87 shares; Spears 97 shares.

Thereafter the amount of indebtedness for which said directors concededly became responsible subject to the provisions of said agreement so increased that on January 25, 1897, when the corporation made an assignment for the benefit of creditors it amounted to $181,160.80. In the meantime Usher and Everett had also become insolvent and unable to pay any part of said indebtedness. Under these circumstances the respondents and the appellant in February or March, 1897, as found by the referee, made a verbal agreement with each other whereby the Weeds were to pay outstanding notes on which all of the parties were liable and which were subject to the provisions of the agreement of September 10, 1894, amounting to about $41,500, and in addition were to secure their release on the best terms possible from an indebtedness also covered by the terms of said agreement amounting to $87,160.80, and the appellant was to pay similar notes amounting to between $50,000 and $60,000, and also was to secure his release on the best terms possible from said indebtedness of $87,160.80. The notes which he thus promised to pay included one held by a certain Small. The respondents carried out their part of the agreement, paying the notes which they had agreed to and paying the sum of $19,000 to be released on the large indebtedness already mentioned. The appellant paid $6,000 to be released from said last-mentioned indebtedness and paid the other notes as he had agreed to, except the sum of between $4,000 and $5,000 on the Small note which he refused to pay, and subsequently Small brought an action and recovered that balance from the respondents who now claim as already stated that defendant is obliged to pay it under the verbal agreement

made in 1897. The amount of indebtedness which the respondents specifically undertook to satisfy and the amount which they did pay in discharge of the outstanding indebtedness, including the disputed balance paid to Small, was much smaller than they had become obligated to pay under the original agreement of September, 1894, and on the other hand the amount of indebtedness which the appellant promised to and subsequently did pay, exclusive of the balance due to Small, was much larger than he had become obligated to pay under said agreement.

*Ledyard P. Hale* for appellant. There was no consideration for the alleged promise of defendant. (*Bunge* v. *Koop*, 48 N. Y. 225; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Robinson* v. *Jewett*, 116 N. Y. 40; *Arend* v. *Smith*, 151 N. Y. 502; *Carpenter* v. *Taylor*, 164 N. Y. 171; *Far Rockaway Bank* v. *Smith*, 63 App. Div. 432; *Harvey* v. *Ayres*, 37 Misc. Rep. 144; *Hansbrough* v. *Peck*, 5 Wall. 497; *F. Ins. Assn.* v. *Wickham*, 141 U. S. 564; *Dixon* v. *Adams*, Cro. Eliz. 538.)

*Lewis E. Carr* and *George W. Fuller* for respondents. The agreement between the plaintiffs and defendant, found by the referee in the sixth finding of fact, was not void for want of consideration. An ample consideration for its support appeared and the referee did not err in holding it was a valid agreement. (*Brady* v. *Mayor, etc.*, 14 App. Div. 152.) Mutual promises are a consideration for an executory agreement. Especially is that true when one of such executory promises has been performed. (*Coleman* v. *Eyre*, 45 N. Y. 38; *Milliken* v. *W. U. T. Co.*, 110 N. Y. 403; *Jackson* v. *Helmer*, 73 App. Div. 134; *Farrington* v. *Brady*, 11 App. Div. 1; *McCreery* v. *Day*, 119 N. Y. 1.)

HISCOCK, J.   I do not see any theory on which the recovery by respondents over against appellant of the balance which they paid on the Small note can be sustained. The only

ground on which they seek to do it is the parol agreement of 1897, whereby they and the appellant purported to apportion between themselves the notes indorsed by them for the Sulphite Pulp and Mining Company which each was to pay. At this time the respondents and appellant concededly were firmly and legally bound by the prior agreement of 1894 to pay this indebtedness in certain proportions. The second agreement now relied on by respondents assigned to them and they actually paid, including the balance on the Small note which they now seek to recover, a much smaller amount of indebtedness than they were then obligated to pay, and conversely, said agreement assigned to the appellant and he actually paid independent of said Small indebtedness a much larger amount of indebtedness than he was then bound to pay. The only consideration for the promise of appellant to pay certain notes including the Small note was the new promise of respondents that they would pay certain debts amounting to less than they then could be compelled to pay under the original agreement. Thus, the only question presented in this case is whether a new promise by a party to do less than he has already agreed to do is a sufficient consideration for the promise of another party to do more than he is obliged to do. It seems to me that the negative answer to that question is so plain that there is no opportunity for doubt.

Brief reference will be made to some of the arguments advanced in behalf of the respondents in favor of a different answer.

It is said that mutual promises are a consideration for an executory agreement, and that the respondents having performed their executory agreement it will be a perversion of the rules of law to permit the defendant now to escape performance on his part. Of course there is no doubt that under ordinary circumstances mutual promises are a consideration one for the other, and such was undoubtedly the effect and value of the mutual promises of these parties contained in the original written agreement. The trouble with the last mutual promises relied on by the respondents is that they afford no

consideration to the appellant when measured by the obligations already resting upon the parties.

It is also true that a written agreement may be modified by an oral agreement, but where the liability of a party has been incurred and become fixed under a valid agreement he is not released from such liability by a purported modification which is without consideration of any kind.

While, as suggested, it may have been a matter of practical convenience for the respective parties to understand what notes each should take care of as they became due, and while possibly the respondents, under the agreement reducing the amount of notes which they were to pay, have actually paid more than they would have paid under the original agreement and larger liability, these things do not furnish a legal consideration for the promise of appellant to pay more and to permit the respondents to pay less than had originally been agreed on.    The law assumes that a party will perform his agreement, and at least, under the circumstances of this case, the fact that he does so does not furnish a new obligation or consideration as against the party benefited by such performance.

The judgments should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Chase, JJ., concur.

Judgments reversed, etc.