Argued September 14, affirmed September 25, rehearing denied October 16, 1917.

## PENNINGS *v.* GIBONI.

(167 Pac. 598, 1014.)

**Pleading—Reply—Inconsistency With Complaint.**

1. Where plaintiff declared on debts assigned, and defendant denied the assignment or notice thereof and pleaded payment to the assignor, plaintiff's reply that defendant's plea of settlement ought not to prevail because the settlement was based on a parol agreement on his part which he failed to perform was not inconsistent with the complaint.

**Compromise and Settlement—Performance of Contract—Dependent Covenants.**

2. Where in an action on debts assigned defendant pleaded settlement by a written contract, plaintiff's reply, if established, that as a condition for the settlement which defendant pleaded, defendant had orally agreed to perform certain acts which he had failed to do, was a good defense.

> [As to mere promise of party under the law of accord and satisfaction, see note in 100 Am. St. Rep. 421.]

**Witnesses—Cross-examination—Subject Matter.**

3. In action on debts assigned, where defendant pleaded settlement by a writing, he was properly denied the privilege of cross-examining a witness testifying for plaintiff on her direct case, in regard to the writing, since the alleged settlement was a part of the affirmative defense.

Bills and Notes—Right of Assignee—Defenses.

4.  An assignee's action on a non-negotiable note is subject to such defenses only as were in existence when defendant received notice of the assignment.

Appeal and Error—Scope of Review—Sufficiency of Record.

5.  An assignment of error to the refusal of an instruction based upon a judgment-roll cannot be considered in the absence of the judgment-roll from the record or of identification of such roll in a certificate of the trial judge or by the official stenographer.

From Multnomah: John P. Kavanaugh, Judge.

Action by Mary M. Pennings against Peter Giboni in which judgment was rendered in favor of plaintiff and defendant appealed. Affirmed.

Department 2.　Statement by Mr. Justice Benson.

This is an action for the recovery of money. . The complaint sets out two causes of action: (1) A non-negotiable note for $400; and (2) a debt of $100. It is alleged that both of these obligations were originally the property of A. J. Pennings, who on January 2, 1913, assigned them to plaintiff; that on February 15, 1913, plaintiff notified defendant of the assignment to her, and demanded payment which was refused.

After admitting the execution of the note and the receipt of the $100 as a deposit, the answer sets up four affirmative defenses consisting of: (1) Payment; (2 and 3) an account stated with A. J. Pennings, the husband of plaintiff, whereby it was agreed that defendant should apply the $500 to the settlement of certain debts due from Pennings to the defendant, and to the Portland Sash & Door Company, a corporation, of which defendant was president; and (4) a counterclaim for goods, wares and merchandise owing from plaintiff. The date of the alleged payment and account stated, is fixed by the answer as March 20, 1913.

The reply denies the allegations of the affirmative defenses and in turn sets up an affirmative defense to the second and third further and separate answers. This defense, after a recital of some matters by way of inducement, continues as follows:

"The defendant Peter Giboni made a certain proposition and proposal to I. E. Penwell, A. J. Pennings and N. R. Alber whereby he offered and proposed to organize and incorporate a new company, and to execute to said new company a lease upon the old premises whereon was situated the building and plant of the bankrupt Portland Door & Mill Co., so that the same would pass to said new corporation, and also to furnish certain machinery to said new corporation, and to allow as a credit on the purchase price thereof certain payments heretofore made by the defunct and bankrupt Portland Door & Mill Co., and to give to said I. E. Penwell, A. J. Pennings and N. R. Alber stock in said new corporation, providing that said I. E. Penwell, A. J. Pennings and N. R. Alber would agree to pay said defendant, Peter Giboni, certain interest upon sums of money advanced by him to the bankrupt Portland Door & Mill Co., and would assume and agree to pay certain other obligations upon which they were not liable, and thereupon, and then, and there said A. J. Pennings, I. E. Penwell and N. R. Alber, relying upon the promises of the defendant, Peter Giboni, to incorporate a new company with said A. J. Pennings, I. E. Penwell and N. R. Alber as stockholders thereof, and to execute and deliver to said new company a lease to the premises formerly occupied by said bankrupt Portland Door & Mill Co., and to turn over to said new company the building, fixtures, and machinery formerly used by said bankrupt Portland Door & Mill Co., signed, executed and delivered to the defendant, Peter Giboni, a certain instrument in writing, purporting to be a release of the defendant, Peter Giboni, from an indebtedness of $500, purporting to be owing by said Peter Giboni to said A. J. Pennings, and purporting also to be an acknowledgment by said

I. E. Penwell, A. J. Pennings and N. R. Alber of certain indebtedness, a copy of which said instrument is hereinafter set forth, marked exhibit 'A' and made a part of this reply.

"That after said I. E. Penwell, A. J. Pennings and N. R. Alber had signed and delivered to the defendant, Peter Giboni, said instrument in writing, the defendant, Peter Giboni, failed and refused to incorporate said new company, or turn over thereto the fixtures and leasehold to said real estate, or to do or perform any other thing to bring about the establishment and incorporation of said new business, which was the sole purpose and consideration for and upon which said I. E. Penwell, A. J. Pennings and N. R. Alber signed and delivered said instrument in writing. That upon the failure of said defendant, Peter Giboni, to do and perform the acts and things which he had contracted and agreed to perform, in consideration of the execution and delivery of said instrument in writing, said I. E. Penwell, A. J. Pennings, and N. R. Alber demanded that said defendant, Peter Giboni, return and deliver back to them said instrument in writing, but that the said defendant, Peter Giboni, failed and refused so to do, and has wrongfully and unlawfully, and without any authority so to do whatever, withheld and still withholds said agreement.

"That the above and foregoing transaction is the same transaction referred to in paragraph numbered II of the defendant's second further and separate answer and defense to the plaintiff's amended complaint."

Exhibit "A" referred to above is as follows:

"Portland, Oregon, March 20, 1913.

"Agreement between A. J. Pennings, I. E. Penwell and N. R. Alber to have P. Giboni apply the amount of Five Hundred Dollars ($500.00) deposited with him by A. J. Pennings, as follows, to pay interest as security and rent to the amount of Four Hundred Seventy-six Dollars and forty-one cents ($476.41) leaving a balance of Twenty-three Dollars and fifty cents ($23.50) this with the balance of Four Hundred

86 Or.—8

Eleven Dollars and forty-one cents ($411.41) for
merchandise received by the Portland Sash & Door
Co., to be applied to pay the amount of Eight Hun-
dred Thirty-two Dollars ($832.00) we owe the Port-
land Sash & Door Co., leaving a balance of Three
Hundred Ninety-seven Dollars ($397.00) the under-
signed agree to pay the Portland Sash & Door Com-
pany, and we hold ourselves responsible and agree to
secure the above amounts with the security now de-
posited with P. Giboni, Mortgages, Real Estate, con-
tract and agreements.

"(Signed)<br>
"I. E. PENWELL.<br>
"A. J. PENNINGS.<br>
"N. R. ALBER.

"Witnesses:
> "J. A. DUNBAR.
> "E. A. COBLEIGH."

A trial being had, there was a verdict and judgment
for plaintiff from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Lewis & Lewis,* with an oral argument by
*Mr. Arthur H. Lewis.*

For respondent there was a brief over the name of
*Messrs. Raffety & Veatch,* with an oral argument by
*Mr. H. L. Raffety.*

MR. JUSTICE BENSON delivered the opinion of the
court.

There is a large number of assignments of error
but the greater number of them involves but one ques-
tion which may be fairly stated thus: Does plaintiff's
affirmative defense, as set out in the reply, involve ad-
missions which defeat the causes of action as set out
in the complaint? Defendant urges that the allega-

tions in the reply are pregnant with admissions that
the choses in action upon which the complaint is based
were either not assigned to the plaintiff prior to the
alleged settlement of March 20th, or that she had con-
stituted A. J. Pennings her agent for the purposes of
such settlement and that in either event she has
pleaded herself out of court.   We cannot agree with
this interpretation of the pleadings which should
always be read together and as a whole.   In effect the
plaintiff says:

"These debts were assigned to me on January 2,
1913, and on February 15, 1913, I notified the defend-
ant of my ownership and demanded payment." ·

The defendant answers:

"I deny the assignment, and deny any notice
thereof.   I paid these claims to plaintiff's husband
A. J. Pennings, on March 20, 1913.   At that time we
had a settlement of our accounts as a result of which
A. J. Pennings admitted that he was indebted to me
in certain sums sufficient to absorb the $500 in contro-
versy, and authorized me to apply the money in my
possession to the payment of such debts which I did."

The clear effect of plaintiff's reply read in the light
of the complaint, is:

"It is true that the claims sued upon were assigned
to me before March 20, and that I notified the defend-
ant thereof; but, if the jury should happen to discredit
my evidence upon that issue, nevertheless, defendant's
plea of settlement ought not to prevail, because the
instrument upon which he relies to support that de-
fense was based upon a parol agreement upon his part
to perform certain acts which he has failed to per-
form and A. J. Pennings has rescinded the contract."

1. These allegations are not inconsistent with the
complaint and do not contain the admissions for which
defendant contends.   If it were otherwise, and by fair

implication such admissions could be read into the
reply, the result must be the same, for it is far from
clear that any such inference was intended by the
pleader. In *Soule* v. *Weatherby,* 39 Utah, 580 (118
Pac. 833, Ann. Cas. 1913E, 75), the court says:

"As a matter of evidence, an inference may have
but slight force or effect. It may only be more or less
persuasive and entirely inconclusive, and still it may
be considered, since it is evidentiary merely. In
pleadings, however, the inference, to be availing must
stand as and for an ultimate fact, and therefore must
be clear and certain."

Defendant further insists that the affirmative matter
in the reply discloses that the causes of action de-
clared upon in the complaint have been discharged by
a subsequent and independent contract, and that if
plaintiff has any remedy it lies in an action for the
breach of the later agreement. This contention is
based upon the theory that the reply recites a con-
tract wherein the covenants to be performed by the
defendant are independent of the release signed by
A. J. Pennings and his associates on March 20th, and
that, therefore, a failure by the defendant to organize
and finance the new company as agreed would not re-
lieve Pennings from his obligations under the written
instrument referred to. It must be borne in mind
that the alleged contract is in writing so far as it binds
Pennings; but, as regards the things to be done by
Giboni, it rests in parol. From the recitals in the re-
ply it appears that it was agreed that if Pennings and
his associates would agree to the disposition of the
$500, as proposed by Giboni, and would pay certain
other obligations which they were not legally bound to
do, he would unite with them in the organization of a
company in which they were to be shareholders; and

that relying upon this agreement they signed the so-called release and delivered it to Giboni, who has failed and refused to fulfill his part of the contract. The question of whether any given set of covenants are dependent or independent is not an easy one. Indeed as is well said by Mr. Justice BEAN in *Burkhart* v. *Hart,* 36 Or. 586 (60 Pac. 205):

"There is no arbitrary test by which the question can be determined. The old decisions turned upon a technical construction of the language used, but the modern doctrine is that a contract should be construed according to the meaning and intention of the parties. It is unnecessary for us to make special reference to the several rules upon the subject or the various decisions of the courts. It is sufficient to say that, in the absence of very clear indications to the contrary, promises each of which forms the whole consideration for the other, will not be held to be independent of one another, and the failure of the party to perform on his part will excuse the other from liability to perform."

2. Following the doctrine thus laid down, we are of the opinion that the pleading disclosed a contract composed of dependent covenants which, if established by the evidence to the satisfaction of the jury, would be a defense as against the written instrument of March 20th.

3. Defendant assigns as error the action of the court in denying him the privilege of cross-examining A. J. Penwell when testifying for plaintiff upon her direct case in regard to the writing of March 20th. This ruling was based upon plaintiff's contention that the alleged settlement was a part of defendant's affirmative defense. We think the ruling was correct and, even if it were error, it could have worked no substantial injury, since the same witness testified upon rebuttal in regard to that feature of the case and de-

fendant then had every opportunity for cross-examination.

  4. The next assignment is that the court erred in refusing to give the following instruction:

"The court instructs you that the promissory note or due bill, as set out in paragraph 1 of plaintiff's complaint, is a non-negotiable instrument and subject to any and all defenses that the defendant would have had against the original owner, and this applies to the claim of One Hundred Dollars, as set out in the second cause of action."

It was properly refused for the reason that it is misleading, in that it does not limit the available defenses to those that were in existence at the time defendant had notice of the assignment: 2 R. C. L., p. 629, § 39.

5. It is then urged that the court erred in refusing to give this instruction:

"The court instructs you that in regard to this allegation by plaintiff that this receipt or settlement of accounts had on March 20, 1913, was procured by certain promises of the defendant is to be wholly disregarded by you and not to be considered by you in arriving at your verdict."

Defendant founded his request for this instruction upon a certain judgment-roll which, apparently, had been offered and admitted in evidence and contends that it conclusively establishes the fact that A. J. Pennings, at the time of the alleged settlement, was personally indebted to defendant in the sum of $4,300. There is no judgment-roll in the record, neither is there any identification of this or any other exhibit in the certificate of the trial judge nor even in the certificate of the official stenographer. It follows that this assignment cannot be considered: *Coach* v. *Gage,* 70 Or. 182 (138 Pac. 847).

The remaining assignments challenge the propriety of a number of instructions given by the trial court upon the ground that they submit questions of law to the jury, and transfer to the jury the task of construing the legal effect of a contract. The instructions are extensive and it is not necessary to set them out in full. It is sufficient to say that the greater portion of the alleged agreement was not reduced to writing and depended upon parol evidence. We have examined the instructions carefully and cannot discover in them the fault for which defendant contends. From the conflicting evidence, the court leaves the jury to determine whether the writing of March 20th, was signed and agreed to by Pennings and his associates upon the condition that Giboni was to perform his obligations thereunder. This is a question of fact properly submitted to the jury. We find no substantial error in the record and the judgment is affirmed.   AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE MOORE concur.

---

Rehearing denied October 16, 1917.

PETITION FOR REHEARING.

(167 Pac. 1014.)

On petition for rehearing. Rehearing denied.

*Messrs. Lewis & Lewis,* for the petition.

*Messrs. Raffety & Veach, contra.*

Department 2. Opinion by MR. CHIEF JUSTICE MC-BRIDE.

Notwithstanding the argument presented by counsel in their able brief upon the petition for rehearing we

are still satisfied with the original opinion. Counsel's argument is to the effect that plaintiff's reply is inconsistent with her complaint and admits at least by implication that she is not the owner of the note and claim sued upon. The pleading is not susceptible to such a construction. The complaint alleges that plaintiff is the owner of the note and claim sued upon by an assignment from her husband. The defendant denies this, and alleges that the note was given as a memorandum of a deposit of $400 made with him for safekeeping by defendant's husband, and that on March 20, 1913, defendant's husband had an accounting with him and authorized him to apply $476.41 of money then in his possession to pay the amount of Pennings' indebtedness to defendant and to apply the balance of the deposit, $23.50, on an account due from Pennings to the Portland Sash & Door Company. By way of reply, and in explanation of this transaction, plaintiff sets up the agreement quoted in the original opinion. There is not a syllable in the reply that admits that Pennings owned the note or claim sued upon here. It simply amounts to a statement that Pennings agreed to turn over to the defendant the money he had borrowed in consideration that defendant would reorganize the Portland Sash & Door Company and give Pennings and his associates stock in the new company; that Pennings performed his part of the contract by executing and delivering a paper purporting to release the debt owing him from Giboni on account of the note and $100 deposit; and that defendant failed to perform his part of the contract. If Pennings himself had sued upon the note, these facts if proved would have avoided the contract of himself and associates had it been set up as a defense. The contract was executory, and the release

pleaded in the reply was but one step toward the performance of it, which defendant failed to meet by performance on his part, thus leaving it incomplete. The defendant could not refuse to perform his part of it and defend against the note; and, while plaintiff took the note subject to all equities which would defeat a recovery, she also took with it all equities which would have authorized her assignor to recover upon it. The reply is entirely consistent with the claim of ownership made in the complaint.

Counsel for defendant intimates that there are equities in the case that will justify a very technical construction of the pleadings as against the plaintiff, but upon a careful review of the case we are of the opinion that the verdict not only accords with the law and the testimony but with abstract justice as well.

We adhere to the original opinion, and the petition for rehearing is denied.        REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur; MR. JUSTICE HARRIS not sitting.