## UNITED STATES ex rel. GILLIOZ v. JOHN KERNS CONST. CO. et al.

### No. 618.

District Court, E. D. Arkansas, W. D.

July 20, 1943.

Buzbee, Harrison & Wright, of Little Rock, Ark., for plaintiff.

John A. Sherrill and Howard Cockrill, both of Little Rock, Ark., for defendants.

TRIMBLE, District Judge (after stating the facts).

■ The right of action and the jurisdiction of this Court in this case are conferred by a federal statute, but the construction of the federal statute is not involved, nor is the United States a real party in interest; hence the questions of substantive law arising herein are controlled by the laws of the State of Arkansas, which are both lex loci contractus and lex fori. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, and cases following that decision. Even though the parties must rely upon a federal statute for their remedies, this does not change the above rule of law. Dysart v. United States, 8 Cir., 95 F.2d 652; Ervin v. Texas Co., 8 Cir., 97 F.2d 806 (the last case arising in Arkansas), and United States v. Durrance, 5 Cir., 101 F. 2d 109.

■ The well established principle of law that strict performance of a written contract may be waived by parol agreement of the parties needs no citation of authorities to sustain it.

■ Counsel have cited Tidwell v. Southern Engine & Boiler Works, 87 Ark. 52, 112 S.W. 152; Grayling Lumber Co. v. Hemmingway, 128 Ark. 535, 195 S.W. 508, and American Mortg. Co. v. Williams, 103 Ark. 484, 145 S.W. 234. While the Court agrees with the principle announced in those cases, they are not in point here, for the question of consideration for the waiver or modification was not there in issue, as here. The other cases cited in plaintiff's brief are not in point on the issue of consideration for the waiver of performance upon which he relies. Certainly strict performance of a contract may be waived either expressly or by conduct, but such waiver is uninforcible when there is no consideration therefor.

■ This case falls within the principle announced in the decision of the Supreme Court of Arkansas in the case of

Feldman v. Fox, 112 Ark. 223, 164 S.W. 766. At page 226 of 112 Ark., 164 S.W. at page 767, that Court said: "If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject-matter of the original one." Citing Thompson v. Robinson, 34 Ark. 44. * * * "Now, the parties to a contract may, by new agreement, change the terms thereof, and the mutual undertakings will support the new contract * * *; but in the present case there were no additional undertakings on the part of appellee. He was merely to perform the terms of his original contract, and gave up nothing as a consideration for the alleged agreement of appellant to guarantee the price of the cotton crop."

This case has not been overruled.

It will not improve plaintiff's position should the Court apply the Federal law instead of the State law. In Cuneo Press v. Claybourn Corporation, 7 Cir., 90 F.2d 233, 235, the Court said: "Modification of a contract by subsequent agreement is subject to the rules governing all contracts. Consequently any promise therein contained to do that which one is already obligated to do confers no advantage on the promisee, imposes no detriment on the promisor and is without consideration. 1 Williston on Contracts (1936) § 130; 1 Page on Contracts, § 589; Alaska Packers' Ass'n v. Domenico, 9 Cir., 117 F. 99; Empire State Surety Co. v. Hanson, 8 Cir., 184 F. 58; Frankfurt-Barnett Co. v. William Prym Co., 2 Cir., 237 F. 21; In re American Range & Foundry Co., D.C., 14 F.2d 466; Brunswig Grain Co. v. Anchor Grain Co., 5 Cir., 10 F.2d 304; G. S. Johnson Co. v. Nevada Packard Mines Co., D. C., 272 F. 291. In other words, consideration is necessary to support a waiver or release of rights whether accomplished by an original instrument or by a modification of an existing contract. Frankfurt-Barnett Co. v. Prym Co., 2 Cir., 237 F. 21; Empire State Surety Co. v. Hanson, 8 Cir., 184 F. 58; Weed v. Spears, 193 N.Y. 289, 86 N.E. 10; Goldsborough v. Gable, 140 Ill. 269, 29 N.E. 722, 15 L.R.A. 294." See, also, Hasler v. West India S. S. Co., 2 Cir., 212 F. 862, 867; Gleason v. McDonald, 6 Cir., 103 F.2d 837, 838; Nash v. Towne, 72 U.S. 689, 18 L.Ed. 527; Fisher v. Underwriters at Lloyd's London, 7 Cir., 115 F.2d 641.

■ A careful search of the brief and argument of plaintiff fails to disclose where he has distinguished the case of Feldman v. Fox, supra, from the case at bar, or has pointed out any consideration to the contractor or where the subcontractor has performed any work or furnished any material which he was not already bound to perform and furnish under the terms of his contract with the contractor. In view of this holding, the Court will not pass upon the admissibility of parole evidence to establish the purported agreement.

The plaintiff earnestly contends that the subcontractor was prevented from performing his contract by the conduct of the contractor and of the owner's engineers. However, in his briefs and in the evidence before the Court, the two matters complained of as causing the delay were (using the words of the pleader in the brief): "The delay is not claimed solely because of the additional five hundred cubic yards of rock excavation, although this would undoubtedly be substantial, but because plaintiff was not furnished with plans and stakes for the original work covered by the contract."

Counsel for plaintiff urge that the contractor, the defendant here, is responsible for the acts of the contracting officer or the owner's engineers and that if the engineers caused the delay the contractor is liable for such damages as the subcontractor may suffer. In taking this position, the plaintiff overlooks the fact that the subcontractor entered into a contract in which he assumed toward the contractor all of the obligations which the contractor assumed toward the owner, and that he would do the work "in accordance with the terms, provisions and conditions of the contract between the owner and the contractor * * * including all of the general and special conditions; drawings and specifications and other documents forming or by reference made a part of the contract between the contractor and owner, all of which shall be considered part of this subcontract by reference thereto and *the subcontractor agrees to be bound to the contractor and the owner by the terms and provisions thereof."*

It clearly appears from the evidence in this case, and there is no contention to the

contrary, that every claim for allowance of time or increased costs made to the contractor by the subcontractor was duly filed with the engineer, properly urged for allowance, the decision thereon made known to the subcontractor, and the subcontractor invited to take an appeal, but no appeals were taken. These changes and delays were not occasioned by the contractor, nor were they in contravention of the contract, but were made in conformity to and in compliance with the very terms of the contract and the subcontract. There are two recent cases in wḧich these very articles of the original contract in issue here were construed, United States v. Callahan Walker Construction Co., 317 U.S. 56. 63 S.Ct. 113, 87 L.Ed. ——, and United States v. Rice et al., Receiver for D. C. Engineering Co., Inc., 317 U.S. 61, 63 S.Ct. 120, 123, 87 L.Ed. ——. In the case of United States v. Rice, supra, the Court said:

"As pointed out, the delay here resulted from a change in specifications made necessary by discovery of soil unsuitable for foundation purposes. The government having reserved the right to make such changes upon discovery of 'subsurface and (or) latent conditions at the site materially differing from those shown on the drawings or indicated in the specifications', delays incident to the permitted changes cannot amount to a breach of contract."

All claims urged by the plaintiff here are changes made in conformity with and pursuant to the terms of the contracts involved; and the contractor, defendant here, is not chargeable with the delays.

Under the terms of the contracts involved here, the contracting officer was made the arbiter of such questions of fact. His decision was subject to appeal, but if no appeal was taken his decision became final and binding. United States v. Callahan-Walker Const. Co., supra; United States v. Rice, et al., Receiver, etc., supra.

Plaintiff has raised some other questions, such as stated account, but the Court does not consider them of sufficient weight to pass upon them, and the questions here noticed are sufficient to determine all the real questions at issue.

The Court has prepared findings of fact, conclusions of law and decree in conformity with the memorandum, and is filing the same this day.