A. J. WATSON, RESPONDENT, v. R. C. JANION & CO., APPELLANTS.

SUBSEQUENT CONTRACT—DEGREE OF PROOF TO ESTABLISH.—A subsequent contract will not operate to extinguish a former one between the same parties, unless it is expressly accepted by them for that purpose. The evidence must be clear and satisfactory that such was the intention of the parties.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*W. H. Effinger,* for appellant:

The decision in this court must turn upon the law applicable to such facts as appear to have been found by the court below; and if it is certain that the substituted contract was, by the consent of the parties, as above—or by acts unequivocally evidencing such consent, taken in lieu of the written agreement (accepted as a substitute for it), the authorities seem to be clear that the only remedy to the plaintiff was upon the new contract. The whole point of the appeal is here. We hold it to be clear from the findings of fact, that the appellant and respondents, before the action was brought, regarded their new promise as a complete satisfaction of the old agreement; in fact, it seems that they executed it in part.

Upon this state of facts we claim that there was error in allowing the plaintiff below to have his recovery upon the

written lease. If it be said that in any event the plaintiff was entitled to a recovery, we reply that if he had waited until his cause of action had accrued upon the substituted agreement, we would then have been permitted to explain or defend our default in performance of the same. The new contract, by intention and in fact, was substituted for the old one. It was such a one as could have been enforced, and there was certainly no right of election left to the plaintiff.

The true rule in such cases has been laid down by Mr. Justice Redfield in *Babcock* v. *Hawkins,* 23 Vt. 561: "In every case where one security or contract is agreed to be received in lieu of another, whether the substituted contract be of the same or a higher grade, the action, in case of failure to perform, must be upon the substituted contract." (2 Pars. on Cont. 681–6, and notes; *Billings* v. *Vanclerbeck,* 23 Barb. 546; *Goodrich* v. *Stanley,* 24 Conn. 613.)

*J. H. Woodward,* for respondent:

The findings of the court show that it was the performance of the conditions of the new contract by the defendant which stood as the consideration for plaintiff's waiver of full performance of the covenants of the deed by defendant, and not his agreement to perform those conditions. No party can escape the obligation of his covenant under a sealed instrument, on the ground of a subsequent parol agreement, unless he show an executed consideration. (*Cumber* v. *Wane,* 1 Smith's L. Cas. 624; *Miller* v. *Hemphill,* 4 Eng. 496; 1 Taunton, 430; 11 Wend. 30; 13 Id. 73.) Sec. 743 Civil Code is not to the contrary.

You cannot pay one hundred and thirty dollars with one hundred dollars. (*Cumber* v. *Wane,* 1 Smith's .L. Cas.; *Ryan* v. *Ward,* 48 N. Y. 204; *Hendrickson* v. *Beers,* 6 Bosw. 639.)

By the Court, Prim, C. J.:

This was an action at law to recover money on a written lease, for the use and occupation of a certain building in the city of Portland. It is alleged in the complaint that

defendant agreed to pay one hundred and thirty dollars in gold coin per month, on the last day of each month, from the first day of January, 1873, to and including the thirty-first day of December, 1875. That default was made for the rent, so stipulated for the month of December, 1875, and that there is due plaintiff for said month, the sum of one hundred and thirty dollars.

Defendant admits the making of the lease as alleged, and sets up in avoidance thereof, an agreement alleged to have been made between plaintiff and defendant on or about the — day of June, 1875, whereby it was agreed, upon sufficient consideration from one to the other, that for the months of August, September, October, November, and December, defendant should become the tenant of plaintiff for the monthly rent of one hundred dollars per month, and that said written lease mentioned in the complaint, should be annulled and avoided by the mutual consent of the parties.

The subsequent agreement set up in the answer is denied in the replication, and it is alleged that in the month of June or July, 1875, it was agreed that, in consideration that defendant would continue to rent and occupy the said premises beyond the time expressed in said written lease, and would give plaintiff three months prior notice of his intention to quit the premises, plaintiff would rebate thirty dollars per month of the rent thereafter to fall due on said lease. And it is further alleged that defendant failed, and neglected to comply with these conditions and promises so made by him.

The case was submitted to the court by the consent of the parties without the intervention of a jury.

The third finding of fact by the court is, "that on the thirty-first day of May, 1875, the defendant and the plaintiff had an oral agreement, or understanding each with the other, that the defendant should and would hold over and remain in the occupation of said leased premises after the expiration of the time stipulated in said written lease, and should and would give the plaintiff three months' notice of his intention to quit and surrender, and that the plaintiff would and should make a rebate to the defendant of thirty

dollars a month of the rent reserved by the written lease, and would accept one hundred dollars a month as the rent from and after June 1, 1875. The court also found that on December 31, 1875, at the expiration of said written lease, the defendant quit said premises and refused further to occupy the same; and that defendant after June, 1875, each month, commencing with June 1, 1875, until October 30, 1875, paid the plaintiff one hundred dollars as rent, and the plaintiff receipted therefor in writing expressing that the one hundred dollars so received was one month's rent. That by the terms of said written lease the defendant had covenanted to pay one hundred and thirty dollars rent per month till the thirty-first of December, 1875, and there was no other or further consideration for the agreement of May 31, 1875, for a rebate of thirty dollars a month except as set forth in the third finding, above set forth.

The court below rendered judgment against defendant for the sum of one hundred and thirty dollars gold coin, and defendant appeals from the judgment.

It is claimed by counsel on behalf of defendant that the subsequent oral understanding had by the parties on the thirty-first day of May, 1875, was substituted by them in lieu of the original lease, and was accepted by the parties in full satisfaction and extinguishment of the same; and therefore, it is further claimed, that plaintiff must rely upon the new contract for his remedy. The case of *Babcock* v. *Hawkins*, 23 Vermont, 5, is cited and relied upon to sustain this proposition. In that case the judge in rendering the opinion of the court said, "We think it must be regarded as fully settled, that an agreement upon sufficient considerations fully executed, so as to have operated in the minds of the parties as a full satisfaction and settlement of a preceding contract or account between the parties is to be regarded as a valid settlement, whether the new contract be ever paid or not, and that the party is bound to sue upon the new contract."

Upon an examination of the facts found in that case, it will be seen that they differ very materially from the facts found in this. That was an action on book account, and after

commencement of the action, the defendant agreed to give his note for the amount of the account, and agreed to pay the costs.   Defendant immediately executed his note, and plaintiff receipted him in full settlement of all accounts up to date.   In that case the contract was executed, while in this it was executory.   In that case there was strong evidence tending to show that the note was received in satisfaction and settlement of the old debt, while in this it is not strong and satisfactory.   Here the plaintiff promised to rebate thirty dollars per month from the rent, in consideration of the promise of defendant to rent and occupy the premises of plaintiff after the expiration of the written lease, and to give him three months' notice of his intention to quit, neither of which promises it appears were executed by defendant.

This subsequent agreement or understanding of the parties being merely executory in its nature, and defendant having failed to execute the promises and conditions on his part, and there being no clear and satisfactory evidence showing that it was received by the parties in full satisfaction and extinguishment of the old agreement, the plaintiff had his election either to sue upon the original contract, or upon the new promise.   (2 Pars. on Cont. 683.)   We understand the doctrine to be well settled "that the acceptance of a negotiable note for an antecedent debt will not extinguish such debt, unless it is expressly agreed that it is received as payment;" the evidence, at any rate, "must be clear and satisfactory that such was the intention of the parties."   (*Peters* v. *Beverly,* 10 Peters, 568; *James* v. *Hackly,* 16 John. 277; 14 John. 404.)

In this case it was not expressly agreed "that the subsequent agreement should be accepted by the parties in full satisfaction and extinguishment of the old agreement," nor was the "evidence clear and satisfactory that such was the intention of the parties."

There being no substantial error in the judgment of the court below, it is affirmed.