Argued 5 December, 1898; decided 3 January, 1899.

## BOYES *v.* RAMSDEN.

[55 Pac. 538.]

1. AGREEMENT TO MODIFY CONTRACT—EVIDENCE.—An agreement to modify a prior agreement must be established by clear and satisfactory evidence: *Watson* v. *Janion*, 6 Or. 137, applied.

2. EQUITY—SPECIFIC PERFORMANCE—ADEQUATE REMEDY.—Equity can compel the delivery of a deed for property that has been paid for, or adjudge that the decree declaring the rights of the plaintiff stand as and for such deed; replevin would not be an adequate remedy where the deed had been destroyed or never executed.

From Marion : HENRY H. HEWITT, Judge.

Suit by Anna M. Boyes to compel W. T. Ramsden to deliver a deed of certain real property to plaintiff, or, if delivery thereof cannot be had, then for a decree that she is the owner of the premises described therein, and that defendant be required to execute another deed thereto, and deliver the same to her. The facts are that plaintiff, in consideration of defendant's executing to her a deed to lots 7 and 8, in block 24, in North Salem, Marion County, Oregon, of which he was the owner, executed to

him a deed of all her interest in certain other real property ; and it was agreed that said deeds should be deposited with a third person, to be delivered by him to the respective grantees upon the happening of a certain event ; that the respective deeds were executed on November 12, 1892, and the plaintiff deposited hers with the person agreed upon, but the defendant, instead of depositing his deed with said person, as plaintiff supposed he had done, retained the same, and thereafter destroyed it ; that, upon the execution of defendant's deed, plaintiff entered into possession of said lots, by her tenants, since which time she has received the rents therefrom, and paid the taxes thereon ; that, the event having transpired upon the happening of which said deeds were to be exchanged, defendant obtained from the depository the deed executed by plaintiff.  The defendant, after denying the material allegations of the complaint, alleges that, after the execution of said deeds, he entered into another contract with plaintiff, whereby, in consideration of $25 in money, a horse, buggy, and harness, paid and delivered to her by defendant, she surrendered to him all her interest in said lots, and agreed that said deed might be destroyed.  The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a decree that plaintiff was the owner in fee of said lots, and that defendant execute and deliver to her a deed thereto within thirty days, but, if default be made in complying therewith, that the decree stand as and for the deed ; and defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Ford & Kaiser*, with an oral argument by *Mr. Wm. Kaiser*.

For respondent there was a brief over the name of *Weatherford & Wyatt*, with an oral argument by *Mr. James K. Weatherford*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It would be impossible to reconcile the conflict in the testimony of the parties in relation to the new agreement set up by defendant. That plaintiff received from him the said money and personal property is amply proven; but she testifies that the money was paid, and the horse, buggy, and harness were delivered to her, for another and different consideration, and that she never consented to the destruction of said deed. In *Watson* v. *Janion*, 6 Or. 137, it was held that a subsequent agreement will not operate to extinguish a former contract entered into between the parties, unless it is expressly accepted by them for that purpose, and that the evidence of an intention to modify the prior agreement must be clear and satisfactory. Tested by this rule, we are not prepared to say that the evidence of the intention of the parties to modify the prior agreement is so clear and convincing as to overcome the finding of the court below, which had the opportunity of seeing the witnesses, hearing them testify, and thereby being better able to determine the weight of the testimony than this court can be from an inspection of the record; and hence we must conclude that the facts are established as found by the court, and the only question remaining is whether the suit instituted is the proper remedy.

Defendant's counsel contends that the plaintiff had an adequate remedy by an action at law for the recovery of the deed in question, and, this being so, the court erred in not dismissing the suit in equity. It has been held

that replevin will lie to recover title deeds : 20 Am. &
Eng. Enc. Law (1 ed.), 1062. In this country, under
our recording acts, the value of a deed, after it has been
copied into the proper records, cannot ordinarily be com-
mensurate with the value of the premises conveyed ; but
if the deed be in existence, and capable of delivery, it is
probable an action for its recovery would be adequate to
obtain the evidence of the transfer of the title ; but
where, as in the case at bar, defendant had destroyed
the deed, the remedy must necessarily prove unavailing :
*Wilson* v. *Rybolt*, 17 Ind. 391 (79 Am. Dec. 486). Mr.
Willard, in his work on Equity Jurisprudence (page
307), says : "The delivery up of deeds and other instru-
ments to the party entitled to them, when they are im-
properly withheld, is an ancient head of equity jurispru-
dence." To the same effect see 2 Story, Eq. Jur. § 703 ;
*Snoddy* v. *Finch*, 9 Rich. Eq. 355 (70 Am. Dec. 216),
Pomeroy, Spec. Perf. Cont. § 13, and cases cited in
note 1. We think, in view of the facts of the case, that
the remedy adopted was proper, and hence it follows
that the decree is affirmed.

AFFIRMED.