Argued October 21, reversed and remanded November 15, motion to modify decree overruled December 27, 1921.

## POOLE *v.* VINING ET AL.

(201 Pac. 726; 202 Pac. 724.)

**Setoff and Counterclaim—Advances by Contractor to Prevent Lien Held Proper Setoff in Suit by Subcontractor.**

1. In action against a contractor for work and labor, if the defendants of necessity had to extinguish a lien filed by a party hired by plaintiff in order to comply with their contract with the owner, such would be a legitimate offset to plaintiff's demand.

**Evidence—Lien not Provable by a Letter.**

2. A letter to a contractor and subcontractor, notifying them that a lien had been filed for work on logs and timber, was incompetent to prove the lien.

### ON MOTION TO MODIFY DECREE.

**Appeal and Error—Where Counterclaim was Shown by Incompetent Evidence Cause will be Remanded to Give Opportunity to Prove it by Competent Evidence.**

3. In subcontractor's action against contractors for services in cutting timber, in which contractors counterclaimed for amount they were required, under their contract with owner, to pay subcontractor's laborer to satisfy laborer's lien upon the logs for the value of his services, the Supreme Court, on appeal from judgment deducting from amount due subcontractor the amount for which contractors had counterclaimed, will not give subcontractor judgment for full amount and ignore counterclaim, on holding that incompetent evidence had been admitted to prove the existence of the lien, but will remand the case so that contractors may have opportunity to prove existence of lien by competent evidence, and this though under Article VII, Section 3c, of amended Constitution, the court has power in some case to affirm regardless of errors and to retry questions of fact on evidence sent up.

From Benton: G. F. SKIPWORTH, Judge.

Department 1.

This is an action to recover for labor which plaintiff alleges he performed for defendants. There are two causes of action set forth. The first is upon an account stated, for the sum of $153.50. As to this cause the answer admits that the account was stated as alleged, but denies the averment of nonpayment.

The second cause of action is for labor and services performed by plaintiff for defendants between March 4 and May 20, 1918, aggregating 534½ hours, at the agreed price of sixty cents an hour and amounting to a total of $320.60. The complaint allows a credit of $9, leaving an alleged balance of $311.60 due on this cause of action. In answer to this second cause, the defendants wholly deny making such a contract or any hiring of plaintiff by them except that they admit plaintiff worked for them fourteen hours in March, 1918, at the agreed price of sixty cents an hour, making a total of $8.40, which they allege had been paid. For a further answer the defendants allege:

"That about March 1, 1918, plaintiff and defendants entered into a valid contract under the terms of which plaintiff was to fell and cut into logs, timber from the F. S. Malcolm and H. Halter property, for defendants at an agreed price of seventy cents per thousand feet; that under said contract plaintiff was to pay all his own expenses in said logging operations, including the cost of labor and tools; that defendants were to furnish plaintiff with tools at cost, and deduct the cost price thereof from money to become due plaintiff under the contract.

"That plaintiff proceeded with logging operations under said contract and felled and cut into logs 476,280

feet of timber, amounting under the contract to $333.40.

"That at plaintiff's request, defendants furnished to plaintiff tools, the cost price of which amounted to $30.30; that defendants are entitled to further credit on the above account for the following disbursements made at the request of plaintiff, and with the agreement that they would be charged against plaintiff:

| | |
|---|---|
| Board paid for plaintiff in March, 1918...$ | 9.80 |
| Board paid for Edward A. Austin, an employee of plaintiff...... | 7.00 |
| Paid to Edward A. Austin, April 20, 1918. | 20.00 |
| Paid to Edward A. Austin, May 23, 1918... | 5.00 |
| Paid to Edward A. Austin, June 18, 1918. | 100.00 |
| Paid to Edward A. Austin, June 18, 1918. | 25.00 |
| Total...............$166.80 | |

making a credit of $197.10 to which defendants are entitled on said contract, and leaving a balance of $298.20 which defendants admit is due and owing to plaintiff, subject to the defense hereinafter alleged."

A further answer or counterclaim is as follows:

"That about March 1, 1918, plaintiff and defendants entered into a valid contract, under the terms of which plaintiff was to fell and cut into logs, timber from the F. S. Malcolm and H. Halter property for defendants at an agreed price of seventy cents per thousand feet; that under said contract, plaintiff was to pay all his own expenses in said logging operations, including the cost of labor and tools; that plaintiff employed one Edward A. Austin as an employee in logging under said contract; that plaintiff failed and neglected to pay said Austin for his labor on said logs, and that on June 24, 1918, said Austin filed notice of lien against the said logs and against certain railroad ties manufactured from logs bucked by plaintiff and his employee, Austin, under said contract; that said lien was in the sum of $184.95; that defendants were indebted to said Austin in the sum

of $24.75, which was included in said lien, leaving $160.20 of the lien indebtedness for work performed by Austin as an employee of plaintiff.

"That defendants had a contract with F. S. Malcolm for logging said timber, and had subcontracted part of the work to plaintiff, as hereinbefore alleged; that defendants were obligated to keep said timber and logs and the product thereof, free from liens for labor performed thereon, and that it was necessary for defendants to pay said lien placed thereon by said Austin; that said lien in the sum of $160.20 was a valid lien for labor performed by said Austin on said logs as an employee of plaintiff; that said lien was filed by Austin at the instance of plaintiff, and with full notice and knowledge thereof by plaintiff; that the indebtedness covered by said lien was a valid and legal obligation of plaintiff, and that defendants paid the same to save themselves from loss and damages; that as a result of the foregoing facts, defendants are entitled to the further credit of $160.20 on their account with plaintiff, leaving a net balance of $138 due plaintiff from defendants, which defendants are ready, able and willing to pay."

The new matter in the answer was put at issue by a reply and the cause came on for trial, which by stipulation of the parties was had before the court. Substantially finding for the defendants, the court rendered judgment against them for $138, which they admitted to be due plaintiff. From this judgment the plaintiff appeals.     REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. McFadden & Clarke,* with an oral argument by *Mr. Arthur Clarke.*

For respondents there was a brief over the name of *Messrs. Yates & Lewis,* with an oral argument by *Mr. Jay L. Lewis.*

McBRIDE, J.—1, 2. If there were in the record any legal evidence that Austin had filed a lien for the labor done while he was working with plaintiff upon the logs, the judgment would be unassailable. But no lien was offered in evidence, nor is there any competent testimony that any lien valid or otherwise was ever filed. If plaintiff by neglecting to pay Austin had allowed a lien to be put upon the logs and timber, thus rendering it necessary for defendants to extinguish the lien in order to comply with their contract with Malcolm, the amount so paid would be a legitimate offset, so far as it goes, to plaintiff's demand. But the only evidence introduced on that subject was a letter from a firm of attorneys directed to defendants and Malcolm, notifying them that such a lien had been filed by Austin. The introduction of this letter was objected to and the objection was overruled and exception saved. The letter was incompetent to prove a lien, and its admission was error.

The judgment is reversed and the cause will be remanded for a new trial.

REVERSED AND REMANDED.

BURNETT, C. J., and HARRIS and BEAN, JJ., concur.

---

Overruled December 27, 1921.

ON MOTION TO MODIFY DECREE.

(202 Pac. 724.)

On motion to modify decree.

MOTION OVERRULED.

*Messrs. McFadden & Clarke,* for the motion.

*Messrs. Yates & Lewis, contra.*

McBRIDE, J.—This is a motion by plaintiff in the nature of a petition for rehearing, in which it is contended that because the defendants have failed to introduce competent evidence of the lien ·which they claimed they had been compelled to pay by reason of plaintiff's failure to pay Austin, who assisted him in cutting the logs, this court should ignore that defense entirely and give final judgment here for plaintiff for the sum of $298.20 instead of $138 as adjudged by the Circuit Court.

Our statement of the issues in the original opinion is not so clear as it should be, and we therefore restate the salient points. Plaintiff declared upon two causes of action. The first was upon an account stated for $153.50. This account defendants admitted, but denied nonpayment. The second cause of action was in assumpsit for 534½ days' labor at the agreed price of sixty cents an hour, with a credit of $9, leaving due $311.60. To this cause of action defendants answered, denying it absolutely, · except the item of labor for 14 hours at sixty cents per hour, amounting to $8.40, which defendants claimed had been paid.

The defendants further answered, setting up that in March, 1918, they entered into a contract with plaintiff to fell and cut logs upon the land of F. S. Malcolm at an agreed price of seventy cents per thousand feet, plaintiff to pay his own expenses and defendants to furnish him with tools at cost price and deduct the money from the amount which should become due to plaintiff under the contract; the plaintiff cut 476,280 feet of timber, amounting to $333.40; that defendants furnished to him tools to the value of $30.30, board to the amount of $9.80, and at the request of plaintiff furnished board and paid money

to Austin, an employee of plaintiff, the whole of these credits amounting to $197.10, leaving a balance then due plaintiff of $298.20, subject to defendants' counterclaim of $160.20 on account of plaintiff's having failed to pay his employee, Austin, who filed a lien upon the logs and timber, as stated in the original opinion.

The court sitting as a trier of fact found that the plaintiff had performed services as stated in the first cause of action and that he had rendered services in March, 1918, to the value of $8.40. The court found in favor of defendants' contention that the timber for the cutting of which plaintiff claimed compensation was cut in pursuance of a contract stipulating a compensation of seventy cents per thousand feet, instead of sixty cents an hour as claimed by plaintiff; and further, that Austin was employed by plaintiff upon the contract and that he had a valid lien upon the logs for the value of his services, which defendants were obliged to pay in order to keep their contract with Malcolm; and that they were entitled to the amount paid to discharge said lien, as a counterclaim against plaintiff's demand. Instead of introducing the lien in evidence, defendants offered a notice signed by Austin's attorneys, notifying them that a lien had been filed, and we held that such notice was secondary evidence and therefore incompetent to prove the existence of a lien, and reversed the case, directing a new trial.

3. Having now made the issues clear, we address ourselves to the one point raised by plaintiff, to add the $160.20, allowed defendants on account of the lien, to the amount of his recovery and affirm the judgment as so amended. We see no reason to distinguish this case from any other where a verdict

and judgment have been obtained by the admission of incompetent evidence. There is no doubt under subdivision 3 of Article VII of our amended Constitution that there is some discretion left with the appellate court, to affirm judgments notwithstanding errors and even in some cases to retry questions of fact upon the evidence accompanying the transcript, when it is of the opinion that this may be done in the interest of justice; but that state of facts does not appear here. The defendants claimed in effect that they were compelled to pay off a valid lien occasioned by the failure of plaintiff to pay his employee, but attempted to prove such lien by testimony which we held to have been secondary and incompetent. How such an error got past the scrutiny of the very able judge who presided at the trial is a surprise. Perhaps if he had excluded the notice offered in evidence it would have dawned upon counsel for defendants to offer the lien itself in evidence, if in fact such a lien was in existence and a valid encumbrance on the logs. We do not feel that this is a case in which we should deviate from the usual rule, which is to send a case back for a new trial when it appears that error has been committed, to the prejudice of the appealing party. It may be that there is in existence competent evidence of a valid lien, or it may possibly be that the notice which the defendants introduced was better than the lien which it attempted to describe. At all events, we think it only just to allow defendants an opportunity to try the matter out, and therefore plaintiff's motion will be overruled.                    MOTION OVERRULED.

BURNETT, C. J., and BEAN and HARRIS, JJ., concur.