Submitted on briefs January 13, reversed and decree entered February 2, 1926.

## JOHN W. GEARY v. HENRY C. PRUDHOMME.

(243 Pac. 101.)

Replevin—Will not Lie for Recovery of Undivided Interest in Personal Property.

1. Replevin will not lie for recovery of undivided interest in personal property.[1]

Replevin—Complaint Held not to State Cause of Action in Replevin, but Constituted Suit in Equity, to be Declared Owner of Interest in Patent.

2. Complaint alleging that plaintiff owned undivided one-fourth interest in patent, which he was induced to assign by defendant's false representations, and praying that plaintiff be adjudged owner, entitled to immediate possession thereof, *held* not to state cause of action in replevin, but stated suit in equity, and should have been tried as such.

---

1. See 23 R. C. L. 869.

Replevin—Contract Assigning Interest in Patent may be Recovered in Replevin Action.

3. Contract assigning interest in patent may be recovered in replevin action.

Replevin—Recovery of Contract Assigning Interest in Patent Held not as Complete Remedy as Decree in Equity Would Give.

4. Recovery of contract assigning interest in patent by action of replevin is not as complete a remedy as decree in equity awarding ownership of one-fourth interest in property described in contract.

Pleading—Allowance of Amendment of Complaint Held not Abuse of Trial Court's Discretion, and Did not Change Cause of Action.

5. Allowance of amendment of complaint at trial, over defendant's objections, *held* not abuse of trial court's discretion, and did not change cause of action.

Appeal and Error—Supreme Court will Dispose of Case Erroneously Tried as in Replevin Instead of in Equity, Where Satisfied That Lower Court's Disposition was Correct.

6. Under Constitution, Article VII, Section 3c, and Section 390, Or. L., Supreme Court will dispose of case erroneously tried as one in replevin instead of in equity, where it is satisfied that correct result was reached in lower court.

---

Appeal and Error, 4 C. J., p. 1188, n. 93.
Replevin, 34 Cyc., p. 1359, n. 51, p. 1464, n. 2.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

This proceeding was instituted to recover the possession of a contract entered into by the plaintiff and one Gorden. The complaint was filed and alleges that prior to the sixteenth day of May, 1922, the plaintiff had possession and was the owner and entitled to the immediate possession of an undivided one-fourth interest in a patent known as the Gorden Multiple Unit Retort, a device which has heretofore been patented for a machine to extract oil from shale, and that said one-fourth interest of said patent device is reasonably worth the sum of $15,000; that the defendant, by means of false representations and a promise to give to the plaintiff 10,000 shares in

a corporation proposed to be organized by the defendant, and then in process of organization, induced the plaintiff to part with his one-fourth interest; that the defendant agreed to take over the patent to said device and operate it on a commercial scale, said proposed corporation to have a capital stock of $500,000; or in case the capital stock should be $1,000,000 the plaintiff should receive 20,000 shares instead of the 10,000 for his one-fourth interest in said patent device; that the defendant would serve as agent and trustee of plaintiff pending the organization of said corporation and at the completion of said organization to deliver to the plaintiff shares of stock of said proposed corporation amounting to 10,000 or 20,000 shares as the case might be in lieu of the contract between the plaintiff and the said Gorden; that relying upon said promises on the part of defendant the plaintiff assigned the said contract to the defendant who retained the possession of the same in Multnomah County, Oregon; that the defendant, pending the organization of the proposed corporation, has issued to the plaintiff some temporary certificates of his interest in said device which were evidence of plaintiff's interest until the organization should be completed; that other material representations made by defendant inducing plaintiff to surrender said contract to defendant were false, that the defendant has taken no steps to organize a corporation; but instead thereof had issued pretended permanent certificates in a "common-law trust" association; that upon discovery of the fraud the plaintiff had tendered the certificates issued by the defendant to the defendant and demanded the return of his contract with Gorden. The complaint alleges:

"That the defendant is impecunious and has not any money and cannot respond in damages, and that the plaintiff has no complete, speedy or adequate remedy at law."

The prayer is for an injunction pending the proceeding; that the plaintiff be adjudged to be the owner of said one-fourth interest in the Gorden Multiple Unit Retort, and that if the possession thereof cannot be obtained that the plaintiff recover from the defendant the sum of $15,000, the reasonable value of the said interest and for costs and disbursements. Upon motion of the plaintiff an injunction was issued restraining the defendant from selling, disposing or encumbering the said one-fourth interest in said device pending the determination of the case. The defendant filed an answer of general denial only. The case was set for trial on the sixth day of February, 1923. Plaintiff demanded a jury, claiming the proceeding to be an action at law in which the court concurred and the case was tried to the court and jury. The verdict was rendered in favor of the plaintiff to the effect that the plaintiff was the owner and entitled to the immediate possession to the assignment or purported assignment of a one-fourth interest of a patent or applied for patent known as the Gorden Multiple Unit Retort, which assignment was given by G. M. Gorden to the plaintiff. Judgment was entered upon the verdict.

During the trial and over the objection of the defendant, the plaintiff was allowed to amend his complaint by interlineation so that the first paragraph thereof reads as follows:

"That prior to the 16th day of May, 1922, the plaintiff had possession, was the owner and entitled to the immediate possession of an undivided ¼ in-

terest in a proposed patent of a certain assignment or purported assignment given by Gorden to the plaintiff herein, assigning to this plaintiff $\frac{1}{4}$ undivided interest in a certain patent or applied for patent, the same being known as The Gorden Multiple Unit Retort, a device which has heretofore been patented for a machine to extract oil from shale, and that said $\frac{1}{4}$ interest in said patent device is reasonably worth the sum of $15,000.00.''

At the same time the prayer of the complaint was amended to harmonize with the complaint as amended. The trial court construed the complaint as an action of replvein to recover the possession of the contract described as an assignment or proposed assignment of a one-fourth interest in a proposed patent introduced as Plaintiff's Exhibit ''A'' in the evidence. The defendant appeals, assigning 23 grounds of error. At the close of plaintiff's testimony the defendant moved for an involuntary nonsuit, and at the close of all of the testimony also moved for a directed verdict for the defendant. The denial of these motions is assigned as errors No. 1 and 2. The other assignments of error are based on the court's order permitting the amendment of the complaint over the defendant's objection, to certain instructions given by the court to the jury and the refusal to give certain instructions to the jury requested by the defendant. The other facts necessary to understand our reasons for our decision will be stated in the opinion.

REVERSED AND DECREE ENTERED.

For appellant there was a brief over the names of *Mr. H. F. Riddell* and *Mr. Fred Jensen.*

For respondent there was a brief over the names of *Mr. P. J. Bannon* and *Mr. H. V. Schmalz.*

COSHOW, J.—1. Replevin will not lie for the recovery of an undivided interest in an article of personal property: Cobbey on Replevin (2 ed.) § 238 *Halsey* v. *Simmons,* 85 Or. 326, 327 (166 Pac. 944, L. R. A. 1918A, 321); *Huffman* v. *Knight,* 36 Or. 581 (60 Pac. 207); *Phipps* v. *Taylor,* 15 Or. 484 (16 Pac. 171).

2. The prayer of the complaint as amended in the course of the trial is as follows:

"Wherefore plaintiff prays judgment against the defendant that he, plaintiff, be adjudged to be the owner and entitled to the immediate possession of the certain device or patent, or applied for patent, known as the Gorden Multiple Unit Retort * *, " for the possession thereof or its value, restraining the defendant from selling or assigning the said interest in said patent, and plaintiff's costs and disbursements. The description of the plaintiff's interest as stated in his amended complaint it:

" * * plaintiff had possession, was the owner and entitled to the immediate possession of an undivided one-fourth interest in a proposed certain assignment or purported assignment given by Gorden to the plaintiff, herein assigning to this plaintiff one-fourth undivided interest in a certain patent, or applied for patent, * * "

The verdict is to the effect that the plaintiff is the owner and entitled to the immediate possession of a certain assignment or purported assignment of a one-fourth interest in a patent or applied for patent, etc. The Circuit Court construed the complaint as an action to recover the document which was the evidence of plaintiff's ownership in the proposed patent. But the judgment entered upon the verdict describes the object of plaintiff's cause as follows:

"That the plaintiff is entitled and is the owner of the immediate possession of an undivided one-fourth interest in and to that certain patent, or patent applied for, known as the Gorden Multiple Unit Retort, and same is hereby awarded to him, * * "

and the said plaintiff is further entitled to recover of and from the defendant his costs, etc.

3, 4. We are of the opinion that this cause was commenced as a suit in equity and that it should have been tried in the Circuit Court as such. We believe that the complaint does not state facts sufficient to constitute an action in replevin: *Almada* v. *Vandecar,* 94 Or. 515 (185 Pac. 907), and authorities cited above. The evidence is all before this court and we are convinced that the plaintiff was entitled to a decree declaring him to be the owner of a one-fourth undivided interest in the property described as a patent device, or patent applied for device, and to the return of the contract entered into between Gorden and the plaintiff which was the only evidence of plaintiff's title to this property. It might be questionable whether the property interests of plaintiff in the applied for patent is of such a tangible nature as to be capable of recovery in an action in replevin. No doubt the plaintiff could have recovered the contract if he had sued for it: *Willis* v. *Marks,* 29 Or. 493 (45 Pac. 293). If it was the plaintiff's intention simply to recover said contract he woefully failed to express his intention. Recovery, however, of the paper would not be as complete a remedy as a decree of equity awarding to plaintiff the ownership of a one-fourth interest in the property described in the contract as assigned to plaintiff by said agreement with Gorden. *Boyes* v. *Ramsden,* 34 Or. 253 (55 Pac. 538).

5. The evidence convinces us that the plaintiff is entitled to relief. The parties to the proceeding were the only witnesses. We are satisfied from the testimony of these two witnesses that the defendant has totally failed to perform his part of the agreement with plaintiff entered into when the latter delivered to defendant the agreement with Gorden. Under the view we have taken it is not necessary to pass upon the alleged errors in the instructions given to the jury by the judge or his refusal to give the instructions requested by the defendant. The amendments allowed by the trial court did not change the cause of action or suit and were allowable within the discretion of the court.

6. We are satisfied that the jury reached the right result. Under authority of Article VII, Section 3c of the fundamental law, and Section 390, Or. L., the case will be disposed of here as a suit in equity. *Boord* v. *Kaylor,* 114 Or. 62 (234 Pac. 263); *Poole* v. *Vining et al.,* 102 Or. 414 (201 Pac. 726, 202 Pac. 724); *Gollert* v. *Bank of California Nat. Assn.,* 107 Or. 162, 177 (214 Pac. 277).

The judgment appealed from will be set aside and a decree entered herein to the effect that the plaintiff is the owner of an undivided one-fourth interest in and to the device known as the Gorden Multiple Unit Retort, and any patent rights granted to the said Gorden for said device, is the owner and entitled to the immediate possession of the contract between the said Gorden and plaintiff and introduced as Exhibit "A" in the evidence, and that said contract be delivered to the plaintiff by the defendant forthwith. Plaintiff will be allowed his cost below. Each party will pay his own costs in this court.

REVERSED AND DECREE ENTERED.