Argued June 10; affirmed September 14, 1932

## GLASER *v.* HASKIN

(13 P. (2d) 1071)

*W. C. Winslow,* of Salem, for appellant.

*Earl F. Bernard,* of Portland (George R. Wilburn and Collier, Collier & Bernard, of Portland, on the brief), for respondent.

BROWN, J. From the number of lawsuits these litigants have carried on as shown by the records of this court, it is evident to the mind of the writer that one of them, at least, delights in litigation. In the instant case, after calling upon the courts to establish the contentions of each against the other, they withdrew from their capable lawyers and betook themselves to Jefferson, and there, at the home of the plaintiff, they made and executed a subsequent contract that, in form and substance, seems to be an offspring from that storehouse of knowledge entitled, "Every Man his own Lawyer." The plaintiff now declares that the subsequent contract was intended as a voluntary discharge of the former, while, on the other hand, the defendant contends that much of the original contract is still in effect, and that he at no time contemplated, or consented to, the abrogation of that contract.

In its application to contract law, the term "discharge" implies that, by reason of certain acts which have taken place after the contract was made, a contract which was once a valid and enforceable agreement has ceased to be enforceable: 4 Page on the Law of Contracts, § 2446. Section 2457 teaches that an executory contract may be discharged by a new contract which is entered into for that purpose between

the parties to the original contract. At section 2458 the author of this work sets forth the prerequisites to a modification or recission of such a contract and the enforcement of the new or subsequent contract in the following language:

"The proposition that a prior contract may be modified or rescinded by a subsequent contract implies that such subsequent contract must have the elements necessary to the formation of a valid original contract. The new contract requires the assent of all the parties to the original contract or of their successors in interest to operate as a discharge thereof. One of the parties to a contract can not modify such contract or terminate it lawfully unless the other party assents thereto. &#42; &#42; &#42;

"To abrogate or modify a prior contract, it is necessary that the minds of the parties to the original contract should meet by offer and acceptance upon the terms of the new contract."

With relation to subsequent inconsistent agreements, the editors of Corpus Juris have written:

"One written contract complete in itself will be conclusively presumed to supersede another one made prior thereto in relation to the same subject matter. &#42; &#42; &#42; Where it is claimed that, by reason of inconsistency between the terms of the new agreement and those of the old the old one is discharged, the fact that such was the intention of the parties must clearly appear. Where the contracts may stand together a subsequent will not supersede a prior one. A new contract with reference to the subject matter of a former one does not supersede the former and destroy its obligations, except in so far as the new one is inconsistent therewith, when it is evident from an inspection of the contracts and from an examination of the circumstances that the parties did not intend the new contract to supersede the old, but intended it as supplementary thereto." 13 C. J., pp. 603, 604.

In his excellent work on "Contracts," Mr. Elliott, after stating that a contract may be discharged or modified by a subsequent one inconsistent with the original contract so that they cannot subsist together "even though there is no express agreement that the new contract shall have that effect," continues thus:

"But much depends upon the nature and extent of the inconsistency and the scope and proper construction of the particular contract, and the new contract may supersede or modify the old only in part. It may not be as broad in its scope as the old, and may cover or relate to only a particular provision or part of the subject matter. In such case it would not, ordinarily at least, abrogate and supersede the old contract *in toto,* but only in regard to the particular provision or subject to which it refers and as to which the inconsistency exists." 3 Elliott on Contracts, § 1865.

■ The decisions of our court are in harmony with the teachings of the foregoing textwriters. In *Boyes v. Ramsden,* 34 Or. 253 (55 P. 538), it was held that "an agreement to modify a prior agreement must be established by clear and satisfactory evidence." See, also, *Watson v. Janion,* 6 Or. 137.

■ The purpose of the second agreement between the parties hereto appears to have been merely to settle a controversy which had arisen between them concerning the identity of the foxes which the plaintiff had purchased from the defendant. The complaint avers, among other things:

"That at the time of turning said foxes over to plaintiff herein, a controversy arose between plaintiff and defendant over the foxes to be delivered  *  *  *; that thereafter, and on the 22d day of January, 1926, said controversy between plaintiff and defendant was settled, and by the terms of said settlement it was mutually understood and agreed by and between plaintiff and defendant that plaintiff herein would accept

certain foxes delivered to him at Jefferson, Marion County, Oregon, in compliance with said original contract, and said foxes were so delivered *  *  *; which said agreement of settlement was in writing and was in words and figures as follows: *  *  *."

This last-mentioned agreement contains no words which even suggest the repeal or obliteration of the following provision of the original contract:

"It is expressly stipulated and agreed that title of ownership shall be vested in and remain with Dale M. Haskin until any note or notes given in part settlement hereunder shall have been fully paid in cash."

It seems to the writer that the language of this provision is plain, clear and concise, and easily understood, and that, by virtue thereof, the defendant had the right to refuse to deliver title to the fox involved until the promissory note hereinbefore described was paid. The record fails to show that this note has ever been paid. *Smith v. Mills,* 112 Or. 496 (230 P. 350). There being nothing in the subsequent contract which in any way modifies or alters the provision just set out, we believe that the original contract entered into by the parties hereto is still effective. It follows that the plaintiff's action must fail.

The judgment entered by the lower court will be affirmed.

Bean, C. J., Belt and Rossman, JJ., concur.