Argued and submitted April 27, affirmed May 19, 1971

# SMITH, *Appellant, v.* HARRIS, *Respondent.*

484 P2d 1100

In Banc

William W. Wells, Judge.

Gene B. Conklin, Pendleton, filed the briefs for appellant.

Currin & French, Pendleton, filed a brief for respondent.

TONGUE, J.

Plaintiff, as the sublessee of two logging trucks and trailers, brings this action against the sublessor for $2,227 for the cost of repairs which defendant allegedly agreed to pay to put the trucks in proper condition for operation. Plaintiff also sues for $1,720 in repayment of two-thirds of the rental payments made by plaintiff and which were to have been applied as part payment on later purchase of the equipment by plaintiff, which was made impossible by defendant's default in rental payments under the primary lease. The case was tried before the court, without a jury. Plaintiff appeals from an adverse judgment.

Plaintiff relies upon the terms of a one page, handwritten "truck lease" between the parties dated

June 1, 1965 (signed by defendant, but not by plaintiff), providing, in part, that "trucks are to (be) put in good repair by lessor" and that "this lease allows Albert H. Smith an option to buy with 2/3 two thirds of monthly payments to apply on purchase price." One purpose of this sublease was to enable defendant to get permission from the Oregon Public Utility Commission (PUC) for operation of the trucks.

It then developed, however, that PUC permits could not be obtained without written consent by the owner and original lessor of the trucks, Oregon Pacific Leasing Company (Oregon Pacific). Accordingly, a new sublease was prepared by Oregon Pacific and signed on June 9, 1965, by both defendant as sublessor and plaintiff as sublessee, as well as by that company.

Plaintiff contends that although the foregoing provisions of the original "truck lease" were not included in the subsequent agreement, that agreement did not supersede those provisions of the original agreement, which remained in effect for his benefit. The trial court found, however, in a memorandum opinion, that the "informal handwritten agreement" was "abandoned and superseded by the execution of the formal sublease" as the "only valid and outstanding lease between the parties." Formal findings of fact were also entered to the same effect.

1. We have examined the record and find that although there was some conflict in the evidence, there was substantial and sufficient evidence to support these findings, which are equivalent to a verdict of a jury. In addition, there was a conflict of evidence whether the trucks were in reasonably good condition upon delivery to plaintiff, as well as which, if any, repair bills were intended to be paid for by defendant,

since these bills included not only repairs made before plaintiff started operating the trucks, but also repair bills for several weeks thereafter.

It also appears that the original "truck lease" was indefinite in not providing either a date for exercise of the purchase option or a purchase price or a method for agreeing upon a purchase price upon the exercise of that option. The record also shows that after defendant defaulted in lease payments to Oregon Pacific, resulting in repossession of the trucks, plaintiff then sued and obtained judgment against defendant for some $4,600 due for logs hauled by plaintiff for defendant, but did not include these claims in that action. Defendant did not, however, plead this as a defense.

In support of the position that the provisions of the original sublease agreement relating to truck repairs and option to repurchase remained in effect, plaintiff's primary contentions are: (1) that an original agreement is not superseded by a subsequent agreement unless expressly accepted for that purpose and except to the extent that the latter is inconsistent with the original agreement;[1] (2) that before a subsequent agreement can extinguish a previous agreement it must be supported by a new consideration;[2]

---

[1] Citing Brazil v. Dupree, 197 Or 581, 250 P2d 89, 254 P2d 1041 (1953); Marnon v. Vaughan Motor Co., Inc., 184 Or 103, 157, 194 P2d 992 (1948); Associated Oil Co. v. La Branch, 139 Or 410, 411, 10 P2d 597 (1932); Watson v. Janion, 6 Or 137 (1876); 17A CJS 452, 475-6, Contracts § 382, 394, 395 and 77 CJS 776, Sales § 88.

[2] Citing Marnon v. Vaughan Motor Co., Inc., *supra* note 1, at 156; Craswell v. Biggs, 160 Or 547, 560, 86 P2d 71 (1939); Cameron v. Edgemont Investment Co., 149 Or 396, 41 P2d 249 (1935); and Booth-Kelly Lumber Co. v. Oregon California RR Co., 117 Or 438, 448, 243 P 773 (1926).

(3) that where a subsequent agreement is signed merely to satisfy a third person, the original agreement still controls the rights of the original parties;[3] and (4) that a subsequent agreement will be held to extinguish an original agreement only when it is shown by "clear and convincing evidence" that such was the intention of the parties.[4]

We have examined the authorities cited by plaintiff and find that they are not controlling over the disposition of this case for the following reasons:

2. (1) It is true that an original agreement, whether oral or written, is not necessarily superseded by or merged into a subsequent agreement, except to the extent that the latter is inconsistent with the original agreement. But the ultimate question whether the parties intended to integrate their agreement, with the result that the subsequent agreement was intended to express the entire agreement between the parties, is a question of fact.[5] This necessarily includes the question whether the parties intended by the subsequent agreement to supersede and extinguish the original agreement, and this is particularly true where the

---

[3] Citing 77 CJS 776, Sales § 88.

[4] Citing Marnon v. Vaughan Motor Co., Inc., *supra* note 1, at 157; Tweedle Bros., Inc. v. Berliner, 226 Or 509, 512, 360 P2d 557 (1961); Glaser v. Haskin, 140 Or 392, 399, 13 P2d 1071 (1932); Boyes v. Ramsden, 34 Or 253, 55 P 538 (1889). Watson v. Janion, *supra* note 1; 77 CJS 773, Sales § 86, and 17A CJS 476 Contracts § 395.

[5] Caldwell et ux v. Wells, 228 Or 389, 395, 365 P2d 505 (1961), after quoting 1 Restatement, Contracts § 240. See also Stein v. Gable Park, Inc., 223 Or 17, 26, 353 P2d 1034 (1960); and Restatement, Contracts § 408. Cf. Brazil v. Dupree, *supra* note 1, at 598-9; Marnon v. Vaughan Motor Co., Inc., *supra* note 1, at 157-8; and Associated Oil Co. v. La Branch, *supra* note 1, at 414 (all cited by plaintiff). But see 6 Corbin on Contracts 197-9, 213, §§ 1293, 1296.

original agreement was still executory at the time of the subsequent agreement.[6]

3, 4. (2) Aside from the question whether any new consideration is required to extinguish an agreement which is still executory by the execution of a subsequent agreement,[7] there was sufficient consideration in this case to support the extinguishment of the benefits accruing to plaintiff from the provisions of the original agreement under which the trucks were to be put in good repair by defendant and plaintiff was to have an option to purchase the trucks. That consideration consisted of the benefits accruing to plaintiff as a result of the consent by Oregon Pacific to the sublease, so as to make it possible to secure PUC permits for operation of the trucks, which could not have been secured under the original agreement without its consent. It is well established that consideration may be given by a third person.[8]

(3) Although a subsequent agreement executed merely to accommodate a third person may not supersede a previous agreement, as between the two original parties, the subsequent agreement in this case was not executed merely to accommodate Oregon Pacific, but because its consent was required for the issuance of PUC permits.

(4) Under all of the facts and circumstances of this case, including, but not limited to, defendant's testimony that the purpose of the "new contract" was "so he could get his P.U.C., and things, *and do away with the old one primarily*," we hold that the evidence

---

[6] See Booth-Kelly Lumber Co. v. Oregon and California R.R. Co., *supra* note 2, at 448 (cited by plaintiff).

[7] See James v. Ward, 96 Or 667, 676, 190 P 1105 (1920)

[8] See 1 Restatement, Contract, § 75(2).

in this case was sufficiently "clear and convincing" to sustain the finding by the trial judge, as trier of the facts, that the original one-page handwritten "truck lease" (signed by defendant only) was superseded by the more formal sublease agreement subsequently signed by both parties, as well as by Oregon Pacific, as the agreement which was intended to represent the entire agreement between the parties.

It follows that the judgment of the trial court must be affirmed.